# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| LANCER INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-cv-00369-DGK |
| | ) |
| CHAUNCEY MONROE, SARA WENZEL, | ) |
| and GREGORY HOWE *As Next Friend for* | ) |
| *Paul Howe*, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This case arises out of a car accident and the lawsuits that followed. Plaintiff Lancer Insurance Company seeks a declaratory judgment that it has no further duty to indemnify or defend Defendant Chauncey Monroe in lawsuits brought by Defendants Sara Wenzel and Paul Howe because it has exhausted its policy limits. Wenzel and Howe have not filed an answer or otherwise responded to Plaintiff's complaint. Instead, they have stipulated to Plaintiff's coverage position and the relief sought. *See* ECF No. 14.

Now before the Court is Plaintiff's Motion for Summary Judgment. ECF No. 29. The parties also submitted a Joint Stipulation of Facts, ECF No. 28, which the Court will consider in ruling on this motion. For the reasons discussed below, the motion is GRANTED.

**Standard**

A movant is entitled to summary judgment if he "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those facts "that might affect the outcome of the suit under the governing law," and a genuine dispute over material facts is one "such that a reasonable jury could return a

verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court makes this determination by viewing the facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Tolan v. Cotton*, 572 U.S. 650, 656 (2014); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588–89 (1986). "In reaching its decision, a court should not weigh the evidence, make credibility determinations, or attempt to determine the truth of the matter." *Leonetti's Frozen Foods, Inc. v. Rew Mktg., Inc.*, 887 F.3d 438, 442 (8th Cir. 2018). To survive summary judgment, the nonmoving party must substantiate his allegations with "sufficient probative evidence that would permit a finding in his favor based on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (internal quotations and citations omitted).

## Undisputed Material Facts

To resolve the motion, the Court must first determine the undisputed material facts. The Court has limited the facts to those that are undisputed and material to the pending summary judgment motion. *See* Fed. R. Civ. P. 56(c); L.R. 56.1(a). The Court has excluded legal conclusions, argument presented as fact, and proposed facts not properly supported by the record or admissible evidence. *See* Fed. R. Civ. P. 56(c); L.R. 56.1(a). However, the Court has included inferences from undisputed material facts and facts the opposing party has not controverted properly. *See* Fed. R. Civ. P. 56(c); L.R. 56.1(a).

In June of 2022, Defendants in this case were involved in a car accident. The accident was allegedly caused by Monroe and resulted in injuries to Wenzel and Howe. Monroe's vehicle, a 2009 Ford Explorer, was leased from Rent To Own Auto Centers LLC ("RTO"). The terms of that lease were set out in a signed Consumer Lease Agreement between Monroe and RTO. The lease was for one year and called for 104 bi-weekly payments.

At the time of the accident, Monroe was covered by two liability insurance policies. The first policy, which was required under the Consumer Lease Agreement, was issued by C.A.R. Risk Retention Group, Inc. The second liability policy, RAC11429#10 (the "Lancer Policy"), was issued by Plaintiff to Northland Auto Group. Under the Lancer Policy, RTO was listed as a named insured. Only the Lancer Policy is subject to the instant dispute.

The Lancer Policy contains the following endorsements which are relevant to this dispute.

First, the Lancer Policy contains an endorsement titled COVERED AUTO DESIGNATION SYMBOL (the "Covered Auto Endorsement"), which assigns the number ten (10) to so called "Owned 'Autos.'" The Covered Auto Endorsement provides the following definition:

> Only those "autos" you own which you lease or rent to a lessee or rentee for one year or more under a written lease agreement which requires the lessee or rentee to provide primary liability insurance to you and which you have included on the schedule of leased or rented vehicles reported to the Company.

Second, the Lancer Policy contains an endorsement titled NAMED INSURED ONLY LEASED AUTO CONTINGENT LIABILITY COVERAGE ENDORSEMENT (the "Contingent Liability Endorsement"). The Contingent Liability Endorsement contains a provision titled "Coverage," which states the following:

> We will pay on behalf of the Named Insured that portion of the damages for "bodily injury" . . . resulting from the ownership maintenance or use of a "covered auto" while leased or rented to others by the Named Insured, that the Named insured will become legally obligated to pay as damages by reason of exhaustion of all applicable underlying limits, whether collectable or not, of any Lessee or Rentee of a "covered auto".

The Contingent Liability Endorsement also contains a provision titled "Who Is An Insured" (the "Lessee Exclusion") which states the following:

> The following are "insureds":

3

Case 4:24-cv-00369-DGK    Document 40    Filed 02/21/25    Page 3 of 6

> a. You for any covered "auto"
>
> b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
>
>> . . .
>
>> (6) Any Lessee or Rentee, any employee or agent of any Lessee or Rentee, or any person operating an "auto" with the permission of any Lessee, Rentee, employee or agent of any Lessee or Rentee.

Lastly, the Contingent Liability Endorsement contains a provision titled "Limit of Insurance" which states the following:

> In the event this policy, by statute, regulation or Court order, is deemed primary, for the Lessee, or Rentee, . . . or any permissive operator, the limit of our liability for the insurance provided by this endorsement is the minimum limits required by any applicable compulsory or financial responsibility law including any mandatory no-fault coverage and/or uninsured/underinsured motorist coverage as set forth in LIC-STATE-COVERAGES.

Third, the Lancer Policy contains an endorsement carrying the minimum coverage mandated by Missouri's Motor Vehicle Financial Responsibility Law. *See* Mo. Rev. Stat. §303.190.2 (2).

Following the car accident, Wenzel and Howe filed separate lawsuits in Jackson County, Missouri, each alleging one count of negligence against Monroe and one count of negligence against RTO. Pursuant to the Lancer Policy, Plaintiff paid both Wenzel and Howe the minimum coverage mandated under Missouri law. Plaintiff states that these payments exhausted the Lancer Policy's limits available to Monroe. Wenzel and Howe have since dismissed their claims against RTO.

In March of 2024, Monroe sent Plaintiff a letter demanding that it make the Lancer Policy's higher limits available to him. This declaratory judgment action followed.

4

## Discussion

The only issue before the Court is whether Monroe is subject to the Lessee Exclusion in the Lancer Policy. Or, stated differently, whether he is an "insured" and therefore entitled to liability coverage in excess of Missouri's statutory minimum.

Under Missouri law, the interpretation of an insurance policy is a question of law to be determined by the court. *Jones v. Mid–Century Ins. Co.*, 287 S.W.3d 687, 690 (Mo. 2009) (en banc) (citation omitted). In interpreting an insurance policy, the Court "applies the meaning which would be attached by an ordinary person of average understanding if purchasing insurance." *Id.* (citation and internal quotations omitted). If a policy provision is ambiguous, then the "[a]mbiguous policy language must be construed against the insurer." *Rice v. Shelter Mut. Ins. Co.*, 301 S.W.3d 43, 47 (Mo. 2009) (en banc) (citations omitted).

Plaintiff argues the Lancer Policy is unambiguous and plainly excludes Monroe from the definition of "insured," therefore limiting him only to Missouri's statutory minimum coverage. Monroe contends the Lancer Policy is ambiguous because there is an apparent conflict between the Covered Auto Endorsement and language contained in the Consumer Lease Agreement he signed with RTO. And because of this ambiguity, Monroe argues, it is unclear whether he is subject to the Lessee Exclusion.

Monroe's argument is without merit. Even assuming conflicting language exists between the two documents, that does not create ambiguity with regard to the Lancer Policy itself. Under Missouri law, it is well established that "ambiguity must appear from the four corners of the contract" and "extrinsic evidence cannot be used to create an ambiguity." *Kelly v. State Farm Mut. Auto. Ins. Co.*, 218 S.W.3d 517, 522 (Mo. Ct. App. 2007). Monroe fails to identify any ambiguity within the four corners of the Lancer Policy, and the Court does not see any. Accordingly, the

Court finds the Lancer Policy is unambiguous and clear.

Alternatively, Monroe argues that even if the Lancer Policy is unambiguous, he "does not meet the ordinary meaning of 'lessee' or 'rentee' and, as such, the [Lessee Exclusion] is inapplicable." Suggestions in Opp'n at 16. Monroe's logic is as follows: (1) the ordinary meaning of "lessee" does include lessees—like himself—who lease a vehicle with the option to purchase it sometime in the future; (2) Missouri courts apply the ordinary meaning to terms not otherwise defined in an insurance contract; (3) the Lancer Policy does not define the term lessee; and therefore, (4) because he does not meet the ordinary meaning lessee, the Lessee Exclusion does not apply to him.

Monroe's argument is unavailing. Monroe cites no authority showing the term "lessee" has multiple meanings depending on whether the lease agreement contains a purchase option. Nor does he cite any authority stating which meaning is the "ordinary meaning" in this context, and the Court will not conduct this research for him. *See United States v. Guzman-Tlaseca*, 546 F.3d 571, 578 (8th Cir. 2008) ("It is not this court's job to research the law to support an appellant's argument." (cleaned up)). Thus, under a plain reading of the Lancer Policy, the Court finds that Monroe is a lessee within the ordinary meaning of that term as it is used in the Lessee Exclusion.

Accordingly, no additional coverage under the Lancer Policy is available to Monroe.

## Conclusion

For the forgoing reasons, Plaintiff's motion for summary judgment is GRANTED.

**IT IS SO ORDERED.**

Date: February 21, 2025      /s/ Greg Kays
                             GREG KAYS, JUDGE
                             UNITED STATES DISTRICT COURT